STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO. RE-19-106

RICHARD LIBERTY, LINDA
LIBERTY and MARIE, LLC

v.                                          ORDER

ALVIN MACK

REC'D CUMB CLERKS OFC
JAN 25 '24 PM2:40

This case comes before the court on Plaintiffs' Motion for Joinder, Defendants' Motion for

Summary Judgment and a pretrial conference, which was held by Zoom on January 23.

The court sets this matter for a three-day trial to be held February 20-22. The remaining

parties are the Plaintiffs in the Amended Complaint, Richard and Linda Liberty, ("Libertys"), and

Defendant Alvin Mack. Based on the discussion at the pretrial conference, the Plaintiffs' cases

against Louis Mack Co., Inc., and Big Mack Development ("Big Mack") are dismissed. In

addition, the parties have waived their rights to a jury trial.

## I.    Plaintiffs' Motion for Joinder of Party

Count III seeks to substitute Marie, LLC as the real party in interest with respect to Count

III, alleging a breach of warranty deed. Because the property was conveyed to Marie LLC,

which currently holds title, that entity is the real party in interest with respect to Count III. The

standard for the court to allow substitution of a party pursuant to M.R. Civ. P. 17(a) is more

liberal than adding a new party with its own claims and defenses pursuant to M.R. Civ. P. 20.

Pursuant to Rule 17(a) a party may seek to substitute the correct party in interest within a

reasonable time after the opposing party objects. *Tisdale v. Rawson,* 2003 ME 68, ¶ 17, 822

A.2d 1136. The Plaintiffs substituted Marie, LLC as the correct party in interest with respect to

1

Count III in a timely fashion. Therefore, the court allows the substitution of Marie, LLC with respect to the claims in Count III.

## II. Defendant's Motion for Summary Judgment

The Defendant has moved for summary judgment. The court has carefully considered the arguments and denies the motion. The court writes in brief given the pendency of trial.

Count I. Breach of contract.

The Libertys claim that Mack is bound by the right of first refusal contained in the 1985 agreement titled An Option to Purchase Real Estate with Time and Terms Contingent on a Bona Fide Offer ("ROFR") with the Johnsons on two grounds. First, they contend the agreement has not terminated by its own terms. The court agrees with Mack that the language that the agreement is binding upon the parties "heirs, successors and assigns" is only applicable if the option has not terminated on its own terms. Construing all inferences in favor of the Libertys as the court must do at this stage, the court determines that there are questions of fact to be determined at trial as to whether the Johnson transfer to Big Mack was "in accordance with the terms" of the option agreement. The court also finds that there are genuine issues of material fact as to whether the September 2009 agreements titled "Limited Release of Option to Purchase Real Estate and "Agreement on the Sale of 17 LBJ Lane, Harrison, Maine" bind Alvin Mack to the ROFR.

Counts II and III.

In his original motion for summary judgment, Mack assumed that if summary judgment was granted on Count I, Count II's assertion of a fraudulent conveyance would fail because Plaintiff's theory on Count II requires that Mack be bound by the ROFR. Because the court has denied summary judgment with respect to the ROFR, the court denies summary judgment on Count II as well.

With respect to Count III, the Mack argued that the Libertys were not the proper Plaintiffs because they did not own the property. Because the court has allowed substitution of Marie, LLC as Plaintiff on Count III, the court will deny summary judgment on Count III.

In his Reply Memorandum of Law, Defendant makes additional substantive attacks on Counts II and III. The court does not consider them at the summary judgment stage. *See Corey v. Norman, Hanson, & DeTroy*, 1999 ME 196, ¶ 9, 742 A.2d 933 (plaintiff not expected to challenge issues not raised in original motion for summary judgment). To the extent the Libertys seek summary judgment, the motion is denied on the grounds there are genuine issues of material fact in dispute.

The entry is:

1. Motion to Substitute Marie, LLC as the party plaintiff is granted.

2. Motion for Summary Judgment is denied.

3. Pretrial order entered.

This Order is incorporated on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: __1/25/24__

Thomas R. McKeon
Justice, Maine Superior Court

Entered on the Docket: 01/25/2024

Plaintiffs-Peter Evans, Esq.
Defendant-Steven Cope, Esq.

3